IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| CARLA HALL, | ) | CHAPTER 13 CASE NO. 09-16908 |
| | ) | OUR FILE NO. |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| CARLA HALL, | ) | ADV. PROC. NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTRYWIDE BANK | ) | |
| WEBSTER BANK | ) | |
| Defendants. | ) | |

**COMPLAINT TO DETERMINE SECURED STATUS
PURSUANT TO 11 U.S.C. § 506**

NOW COMES Carla Hall, Debtor in the above-captioned bankruptcy, by his undersigned counsel, and files this complaint to determine secured status pursuant to 11 U.S.C. § 506, and states as follows:

1.   The Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code on May 8, 2009.

2.   Defendant Bank is a lending institution having mailing addresses of: Countrywide Bank; 450 American Street; Simi Valley, CA 93065 Webster Bank; 609 West Johnson Avenue; Cheshire Connecticut 06410.

**Background**

3.   The Debtor owned an improved parcel of residential real estate located at 323 Waller; Chicago, Cook County, Illinois.

4.   The Real Property is the debtor's principal residence.

5.   The Debtor is indebted to certain creditors holding mortgage liens against the real property as follows:

| Creditor | Date Lien was Established | Amount Owing |
|---|---|---|
| a. First Bank (Countrywide) | 10/15/04 | 116,375 |
| b. Second Bank (Webster) | 07/13/2006 | 24,202 |

6. Upon information and belief, the mortgage lien having a recording date of October 15, 2004 ("Mortgage A") was given in connection with a note dated October 15, 2004, having an original principal balance in the amount of $124,000. Upon information and belief, this note is held by Countrywide Bank.

7. Upon information and belief, the mortgage lien having a recording dated 2006 ("Mortgage B") was given in connection with the note dated 2006, having an original principal balance in the amount of $25,000. Upon information and belief, this note is held by Webster Bank.

11. Pursuant to a fair market appraisal conducted by Byrnes, Houlihan & Walsh, the fair market value of the Real Property is only $50,000. A true and correct copy of the appraisal is attached hereto as Exhibit "A".

### Determination of Secured Status

12. Bankruptcy Code § 506(a) provides that:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property…and is an unsecured claim to the extent that the value of such creditor's interest…is less than the amount of such allowed claim.

11 U.S.C. § 506(a).

13. Consistent with Bankruptcy Code § 506(a) and the decision of the Third Circuit Court of Appeals in the case of *In re McDonald*, 205 F.3d 606 (3rd Cir. 2000), because each of Mortgage B and Mortgage C is wholly undersecured relative to the Real Property, Bank is not in any respect a holder of a claim secured by the Debtor's residence and, as such, holds only an unsecured claim as to each of these mortgage claims. *See McDonald* at p. 612.

14. As to Mortgage A, because Bank's security interest includes other property in addition to the Real Property, the affected mortgage lien is not subject to the anti-modification clause of Bankruptcy Code § 1322(b)(2). As such, the Debtor may "invoke § 506 to bifurcate the…mortgage held by" Bank. *In re Stewart,* 263 B.R. 728, 733 (W.D.Pa. 2001, J. Fitzgerald). Since the fair market value of the residence is $50,000, after subtracting the balances owed the creditors holding the first and second mortgages, respectively, in the aggregate amount of $140,577 and after taking into consideration estimated costs of sale in the amount of approximately $20,000, the Debtors believe that Bank would realize, in a best case scenario, $30,000. Taking into consideration a further reduction in the value of the residence in the event that property was to be liquidated pursuant to a foreclosure sale, Bank's interest is likely less than $20,000.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order (i) granting judgment in Debtor's favor; (ii) finding Mortgage B is wholly unsecured; (iii) bifurcating Mortgage A into an *in rem* secured interest in the amount of $50,000 with

the balance of the claim deemed unsecured; and (iv) directing each of the referenced liens stripped from the Real Property in accordance with the findings herein.

Dated this 5th day of August, 2009.


/s/
_____
David C. Nelson
Law Offices of David C. Nelson, Ltd.
Attorney for the Debtor
IL ARDC #6276706
Twenty East Jackson Boulevard; Suite 600
Chicago, Illinois 60604
T:  312-212-1977
E:  dcnelson@nelsonlawoffice.com